CASE 23—PETITION EQUITY—JUNE 12.

# Ford's ex'r vs. Ford.

### APPEAL FROM HARRISON CIRCUIT COURT.

A testator bequeathed to his widow certain personal property, with power to dispose of the same, "by will" or otherwise, as she might choose; he also devised to her a house and lot for life. She bought out the interest of the remaindermen in the house and lot, and married again; and while *covert* made a will disposing of the personal property held under the will of her first husband, and the house and lot. *Held*—That she had power under the will to dispose of the personalty by will, but had no power to dispose of the house and lot, and that her will should be probated to that extent only.

R. A. BUCKNER and W. C. P. BRECKINRIDGE, for appellants, cited 1 *Duvall*, 75; 2 *Rev. Stat.*, 457; 2 *Dana*, 216; 9 *Dana*, 491; 15 *B. Mon.*, 563; 5 *B. Mon.*, 370; 1 *Williams on Ex.*, 49, 316.

W. W. TRIMBLE, for appellee, cited 2 *Rev. Stat.*, 457.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The county court of Harrison admitted to record the will of Eliza Ann Ford, disposing of household and kitchen furniture and slaves, and a house and lot in Leesburg, all given to her by the will of her first husband, Theophilus Walker, admitted to record in 1846, and bequeathing to her the personalty and slaves "to dispose of by will or otherwise, as she may (might) choose," and devising to her the said house and lot for her life—remainder to her brothers, who afterwards released their remainder to her "and her heirs" for a valuable consideration.

Her second husband, Charles Ford, contested the probate, which, on his appeal as contestant, was reversed and annulled.

Her coverture disabled the testatrix from devising the house and lot, which she neither held to her separate use nor had any delegated power to devise. But having such power over the furniture, and some other movables granted by her deceased husband's will, her testamentary disposition of that was valid, and to that extent the probate was right. On common law principles this is indisputable, and the Kentucky

statute declaring that " a married woman may, by will, dispose of any estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect," is not a restrictive qualification, but only a declaratory recognition of the common law doctrine. "*Special* power" means nothing more nor less than express power applied to the special property devised.

*Prima facie*, Mrs. Ford's will executes the power conferred by her deceased husband's will; and, on the question of probate, the existence and identity of the property embraced in the power are not involved. All this is ulterior, and may be the subject of future investigation by the parties interested.

Nor does the fact that the probate embraces the house and, lot, over which the testatrix had no testamentary power, affect the validity of the bequest within the scope of the "special" power. And, to that extent, therefore, the probate was authoritative and right. The result is, that the circuit court erred in setting aside the entire probate.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to affirm the probate as to the personalty and slaves, and reverse it only as to the realty.